John J. Jakubczyk (AZ Bar No. 005894)
Attorney at Law
4643 E. Thomas Road, Ste. 5
Phoenix, AZ 85018
Tel: 603-468-0030
Fax: 603-468-0053
jakeslaw@gmail.com

Catherine Short, Esq.; California Bar No. 117442
(Pro hac vice pending)
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 2105
Napa, California  94558
Tel.:  (707) 337-6880
Fax.:  (707) 224-6676
kshort@lldf.org

William G. Short, Esq.; California Bar No. 132479
(Pro hac vice pending)
LAW OFFICES OF WILLIAM G. SHORT
Post Office Box 1313
Ojai, California  93024-1313
Tel.:  (805) 490-6399
Fax.:  (253) 650-2627
billshortesq@me.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA (Phoenix)

| | |
|---|---|
| THOMAS SHORT,<br><br>      Plaintiff,<br><br>      v.<br><br>DAVID BERGER, in his official capacity as Commandant of the United States Marine Corps, and CARLOS DEL TORO, in his official capacity as Secretary of the Navy,<br><br>      Defendants. | No.:<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**1. Religious Freedom Restoration Act (**42 U.S.C. §2000bb-1, et seq.)<br>**2. 42 U.S.C. §1983 – Free Exercise**<br>**3. 10 U.S.C. 1107a**<br>**4. Administrative Procedures Act** (5 U.S.C. §§706 et seq.) |

**COMPLAINT**                                               Case No.

Plaintiff alleges as follows:

<b>PARTIES</b>

1.    Plaintiff Thomas Short is a commissioned officer in the active component of the United States Marine Corps.

2.    Plaintiff Thomas Short is a Major, currently assigned to Marine Corps Air Station Yuma, Arizona.

3.    Defendant David Berger is a General and is the Commandant of the United States Marine Corps.  He is geographically located in Washington, D.C.  General Berger is sued in his official capacity.

4.    Defendant Carlos Del Toro, is the Secretary of the Navy. Secretary Del Toro is sued in his official capacity.

5.    **JURISDICTION:**  This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under 21 U.S.C. § 301 *et seq*., 42 U.S.C. § 262 et seq., 10 U.S.C. § 1107a, as well as ALNAV 062/21, and MARADMIN 462/21 (collectively, the "Vaccine Mandates").

6.    Jurisdiction is also proper in this Court under the Administrative Procedures Act, 5 USC §§ 702, 704, and under 28 U.S.C. § 2201, which states that actions involving controversies with federal agencies may be pursued in any United States District Court.  The Defendants' Vaccine Mandates, and Plaintiff Thomas Short's final appeal denial, described herein, are final agency actions for which there is no other adequate remedy in a court.  These actions mark the consummation of the agency's decision-making process with respect to the Department of the Navy and the Marine Corps' mandates, and Plaintiff Thomas Short's religious exemption request.

7.    **INTRADISTRICT ASSIGNMENT:**  Venue is proper in this district under 28 U.S.C. §1391(e) because the Defendants are all officers or employees of the United States government and the legal residence of the plaintiff is within this district and division and no real property is involved in this action.

# FACTUAL ALLEGATIONS

8.     It is well-established that 10 United State Code section 1107a prohibits the Department of Defense from requiring service members to take an Emergency Use Authorization ("EUA") product, absent a written presidential waiver.[1]  A published Department of Justice Memorandum Opinion for the Counsel to the President dated July 6, 2021, states: "DOD informs us that it has understood section 1107a to mean that DOD may not require service members to take an EUA product that is subject to the condition regarding the option to refuse, unless the President exercises the waiver authority contained in section 1107a."[2]

9.     On July 12, 2021, Defendant Berger signed and issued a revision to the Marine Corps' implementation of the Religious Freedom Restoration Act, Marine Corps Order 1730.9 "Accommodation of Religious Practices in the Marine Corps."[3]

10.    In this Order, Defendant Berger stated:

"The Marine Corps requires immunization for all Marines, based upon our compelling interest in military readiness and the health and safety of the Total Force.  Immunizations are an important component of individual and unit medical readiness.  Marines may be called upon to operate in environments and under conditions that increase their exposure and susceptibility to illness, particularly in deployed environments and when Marines are required to be in close proximity to each other such recruit training and embarked on ships, aircraft, and military vehicles.  Mission accomplishment may require that Marines be immunized to protect against disease due to increased exposure

---

[1] See, Department of Defense Instruction ("DODI") "Application of Food and Drug Administration Rules to Department of Defense Force Health Protection Programs." https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/620002p.pdf
[2] https://www.justice.gov/olc/file/1415446/download
[3] https://www.marines.mil/Portals/1/Publications/MCO%201730.9.pdf?ver=EEMe3SQH2P9-Z4Bs1GIwtQ%3d%3d

**COMPLAINT**                                                          Case No.

potential, or to conform with international health regulations incident to foreign travel or unit deployment."

Defendant Berger thus pre-determined that the Marines have a compelling interest in vaccination of 100% of the Marine Corps, regardless of the vaccination or the Marine. He provided for no possibility of an immunization that the Marine Corps might have an interest in requiring that is less than compelling.

11.    The Marine Corps has implemented Marine Corps Order 1730.9 to requests for religious exemption from the COVID-19 vaccine in the following way.  A Marine requesting a religious exemption from COVID-19 vaccination must complete a religious exemption form, NAVMC 10274 AA.  Next, the Marine interviews with a chaplain, who assesses whether the applicant's beliefs appear sincerely held. The chaplain routes the assessment to the applicant's commander, who routes the application through the chain of command to the Deputy Commandant, Manpower and Reserve Affairs.

12.    The Deputy Commandant reviews the application and consults with legal counsel and the Religious Accommodation Board. The Religious Accommodation Board, comprising at least three voting members and a recorder, a legal advisor, and a chaplain advisor, reviews each request for a religious exemption, writes an assessment of the request, and recommends granting, granting-in-part, or denying the request. Marine Corps Order 1730.9 requires the Deputy Commandant to resolve each request "on a case-by-case basis" and to "articulate the factual basis underlying their decision." Under the regulations, the reviewing authority can deny the request only if "there is no lesser restrictive means to furthering" a "compelling government interest."

13.    The Deputy Commandant resolves the request within sixty days. The Marine receives written notice of the decision and, if applicable, "any conditions or limitations placed on the approval to meet the compelling govern-mental interest in mission

**COMPLAINT**                                                                                    Case No.

accomplishment." If the request is denied, the Marine can appeal to the Commandant of the Marine Corps, who issues a final decision.

14.    If the Commandant denies the appeal (or if the Marine declines to appeal), the Marine receives an order to submit to COVID-19 vaccination by a certain deadline. Under MARADMIN 612/21, if a Marine officer fails to timely begin COVID-19 vaccination, the Marine officer has "refused the vaccine" and is reported for administrative separation based on misconduct, moral or professional dereliction, and substandard performance.

15.    On August 23, 2021, the Food and Drug Administration approved BioNTech Manufacturing's Biologics License Application (BLA) for production and marketing of Comirnaty, prescribing certain labeling and production requirements in its "August 23, 2021 Approval Letter – Comirnaty."[4]

16.   On August 23, 2021, the Food and Drug Administration also re-issued the Emergency Use Authorization ("Pfizer-BioNTech COVID-19 Vaccine EUA LOA reissued August 23 2021") "to clarify that the EUA will remain in place for the Pfizer-BioNTech COVID-19 vaccine, and to authorize use of COMIRNATY (COVID-19 Vaccine, mRNA) under this EUA for certain uses that are not included in the approved BLA.

17.    A footnote to the August 23rd LOA[5] states: "The licensed vaccine has the same formulation as the EUA-authorized vaccine and the products can be used interchangeably to provide the vaccination series without presenting any safety or effectiveness concerns. The products are legally distinct with certain differences that do not impact safety or effectiveness."

---

[4] https://www.fda.gov/media/151710/download

[5] The current, further revised LOA re-issued December 16, 2021 ("Pfizer-BioNTech COVID-19 Vaccine EUA LOA reissued December 16 2021"), states: "Although COMIRNATY (COVID-19 Vaccine, mRNA) is approved to prevent COVID-19 in individuals 16 years of age and older, there is not sufficient approved vaccine available for distribution to this population in its entirety at the time of reissuance of this EUA."

18.   On August 23, 2021, the Food and Drug Administration also issued a "Vaccine Information Sheet for Recipients and Caregivers About Comirnaty COVID-19 Vaccine, mRNA) and Pfizer-BioNTech COVID-19 Vaccine to Prevent Coronavirus Disease 2019 (COVID-19)."  This information sheet informed the recipient:

"You are being offered either COMIRNATY (COVID-19 Vaccine, mRNA) or the Pfizer-BioNTech COVID-19 Vaccine to prevent Coronavirus Disease 2019 caused by SARS-CoV-2.  This Vaccine Information Fact Sheet for Recipients and Caregivers comprises the Fact Sheet for the authorized Pfizer-BioNTech COVID-19 Vaccine and also includes information about the FDA-licensed vaccine, COMIRNATY (COVID-19 Vaccine, mRNA)."

19.   On August 30, 2021, Defendant Del Toro issued ALNAV 062/21 entitled "Department of Navy Mandatory Covid 19 Vaccination Policy"[6]  that stated in pertinent part, as follows:

"Effective immediately, all DON active duty Service Members, who are not already vaccinated or exempted, are required to be fully vaccinated within 90 days and all Reserve Component Service Members are required to be fully vaccinated within 120 days of this issuance with an FDA approved vaccination against COVID-19. … The order to obtain full vaccination is a lawful order, and failure to comply is punishable as a violation of a lawful order under Article 92, Uniform Code of Military Justice, and may result in punitive or adverse administrative action or both.  The Chief of Naval Operations and Commandant of the Marine Corps have authority to exercise the full range of administrative and disciplinary actions to hold non-exempt Service Members appropriately accountable.  This may include, but is not limited to, removal of qualification for advancement, promotions,

---

[6] https://www.mynavyhr.navy.mil/Portals/55/Messages/ALNAV/ALN2021/ALN21062.txt?ver=Vbl_3soAE1K4DhYwqjSGLw%3d%3d

**COMPLAINT**                                                                Case No.

reenlistment, or continuation, consistent with existing regulations, or otherwise considering vaccination status in personnel actions as appropriate."

20.    On September 1, 2021, Defendant Berger issued Marine Administrative Message (MARADMIN) 462/21[7] that stated in pertinent part:

"3.a. . . . all Marine Corps active and reserve component (Active Reserve, Selected Marine Corps Reserve, and Individual Mobilization Augmentee) service members shall be fully vaccinated against COVID-19, unless medically or administratively exempt.  All non-exempt active component personnel will achieve full vaccination no later than 90 days from the date of ref (c)  [August 30, 2021]. . ."

21.    In MARADMIN 462/21, Defendant Berger cautioned: "FDA Licensed vaccine(s) are the only vaccine(s) that can be mandated for DoD personnel at this time."

22.    MARADMIN 462/21 further states:

"The provisions contained within paragraph 3.a of this MARADMIN constitute a lawful general order and any violation of these provisions is punishable as a violation of Article 92 of ref (i) [Uniform Code of Military Justice].  Marines shall take action to fully immunize themselves against COVID-19 per ref (j).  Paragraph 3.a is punitive and applies without further implementation.  Commanders, commanding officers, and officers in charge shall issue appropriate orders to ensure that their Marines and Sailors are fully vaccinated.  In accordance with Rule for Court Martial 306 of ref (n), initial disposition authority for cases arising from COVID-19 vaccine refusals is withheld to the general court-martial convening authority level . . ."

23.    On September 3, 2021, the Surgeon General of the Navy issued a memorandum to the commanders of the Naval Medical Forces that stated:

---

[7] https://www.marines.mil/DesktopModules/ArticleCS/Print.aspx?PortalId=1&ModuleId=542&Article=2761259

**COMPLAINT**                                                                                   Case No.

"The FDA-approved vaccine, and the vaccine used under the EUA, have the same formulation, and can be used interchangeably to provide the COVID-19 vaccination series without presenting any safety or effectiveness concerns.  Navy medical providers can use the Pfizer-BioNTech doses previously distributed under the EUA to administer mandatory vaccinations."

24.    On September 8, 2021, the Assistant Secretary of the Navy for Manpower and Reserve Affairs issued a memorandum entitled "Use of Pfizer-BioNTech Vaccine for Mandatory Vaccination."  This memorandum stated:

"This memorandum clarifies that mandatory COVID-19 vaccinations . . . can utilize the Pfizer-BioNTech and Comirnaty vaccines because the two vaccines are the same formulation and interchangeable. . . On 24 August 2021, the Secretary of Defense mandated COVID-19 vaccinations for service members on active duty or in the Ready Reserve, using only COVID-19 vaccines that receive full FDA licensure in accordance with FDA-approved labeling and guidance.  Per the FDA's guidance, the Pfizer-BioNTech vaccine distributed under the EUA and the licensed Comirnaty vaccine have the same formulation and are interchangeable.  Navy medical providers can use Pfizer-BioNTech doses previously distributed under the EUA to administer mandatory vaccinations."

25.    On September 10, 2021, Headquarters Marine Corps Judge Advocate Division's Military Justice Branch released Practice Advisory 8-21 "Mandatory COVID-19 Vaccinations" which states:

"Food and Drug Administration (FDA) licensed vaccinations are subject to the vaccination mandate. Currently, the only vaccine with a FDA license is the Pfizer-BioNTech product Comirnaty (COVID-19 Vaccine, mRNA). However, in accordance with FDA guidance available at

**COMPLAINT**                                                      Case No.

https://www.fda.gov/vaccines-blood-biologics/qa-comirnaty-covid-19-vaccine-mrna, doses of the Pfizer-BioNTech COVID-19 vaccine authorized under the FDA Emergency Use Authorization (EUA) produced prior to the issuance of the FDA license may be used interchangeably with doses produced post-licensing by Pfizer (Comirnaty). The Pfizer COVID-19 vaccines produced prior to and after FDA licensure have the same formulation. Accordingly, commanders may order an unvaccinated Marine to receive the Pfizer produced vaccine regardless of whether the particular dose of the Pfizer vaccine to be administered was produced before or after FDA licensure. Commanders, however, cannot order a Marine to receive any other COVID-19 vaccine, even if that vaccine is approved for use under an EUA or World Health Organization (WHO) Emergency Use listing (i.e., the Moderna or Johnson & Johnson vaccines)."[8]

26.   On September 14, 2021, the Assistant Secretary of Defense for Health Affairs issued a memorandum to the military services directing that:

"Consistent with FDA guidance, DoD health care providers will use both the Pfizer-BioNTech COVID-19 vaccine and the Comirnaty COVID-19 vaccine interchangeably for the purpose of vaccinating Service members in accordance with Secretary of Defense Memorandum, 'Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members,' August 24, 2021."

27.   On October 6, 2021, Plaintiff Thomas Short submitted a request for exemption from the requirement to take the Comirnaty vaccine based on his religious beliefs.

---

[8] https://www.hqmc.marines.mil/Portals/135/Docs/Practice%20Advisories/Practice%20Advisory%208-21%20COVID-19%20Vaccine%20with%20Enclosure.pdf

**COMPLAINT**                                                    Case No.

28.  On October 7, 2021, the Deputy Commandant for Plans, Policies, and Operations released MARADMIN 533/21 "Supplemental Guidance to Mandatory COVID-19 Vaccination of Marine Corps Active and Reserve Components" which stated:

> ". . . all active component service members must receive their first dose of Pfizer-BioNTech/COMIRNATY vaccine no later than 24 October 2021 and all reserve component service members must receive their first dose no later than 24 November 2021.  All active component service members must receive their second dose of Pfizer-BioNTech/COMIRNATY vaccine no later than 14 November 2021 and all reserve component service members must receive their second dose no later than 14 December 2021.  2.b.  Service members who elect to receive a Food and Drug Administration Emergency Use Authorization COVID-19 vaccine (e.g., Janssen or Moderna) or a vaccine included in the World Health Organization Emergency Use Listing (e.g., AstraZeneca) in lieu of the Pfizer-BioNTech/COMIRNATY vaccine will ensure completion of final dose no later than their respective component deadline (i.e., active component service member will receive a first dose of Moderna no later than 17 October 2021 and final dose no later than 14 November 2021, or single dose of Janssen no later than 14 November 2021; reserve component service members will receive a first dose of Moderna no later than 16 November 2021 and final dose no later than 14 December 2021, or single dose of Janssen no later than 14 December 2021.)"[9]

29.  On October 20, 2021, the Deputy Commandant for Manpower and Reserve Affairs denied Plaintiff Thomas Short's request for religious exemption.

---

[9] https://www.marines.mil/News/Messages/Messages-Display/Article/2803707/supplemental-guidance-to-mandatory-covid-19-vaccination-of-marine-corps-active/

**COMPLAINT**                                                                                  Case No.

30.     On October 23, 2021, the Deputy Commandant for Plans, Policies, and Operations issued another MARADMIN, "MARADMIN 612/21 Supplemental Guidance (2) to Mandatory COVID-19 Vaccination of Marine Corps Active and Reserve Components."[10]  This MARADMIN directs:

> "Marines refusing the COVID-19 vaccination, absent an approved administrative or medical exemption, religious accommodation, or pending appeal shall be processed for administrative separation IAW [in accordance with] this MARADMIN and supporting references.  General Court-Martial Convening Authorities (GCMCA) retain authority to take any additional adverse administrative or disciplinary action they deem appropriate. . . Officer Administrative Separation.  In the case of an officer refusing the vaccine, the cognizant Commander or Commanding Officer shall refer the case to the first GCMCA in the chain of command.  GCMCAs will promptly report all officers refusing the vaccine to CMC (JPL) via the Officer Disciplinary Notebook, and will initiate processing for administrative separation.  All reports of officers refusing vaccination must be formally closed with a report of disposition in accordance with MCO 5800.16.  The least favorable characterization of service authorized for an officer refusing the vaccine is 'General (under honorable conditions),' unless inclusion of another basis for separation warrants characterization of the officer's service as 'other than honorable.' "

31.     On October 26, 2021, Headquarters Marine Corps Judge Advocate Division's Personnel Law Division issued another practice advisory: "Practice Advisory 9-21:

---

[10] https://www.marines.mil/News/Messages/Messages-Display/Article/2820695/supplemental-guidance-2-to-mandatory-covid-19-vaccination-of-marine-corps-activ/

**COMPLAINT**                                                                                    Case No.

Supplemental Guidance: Mandatory COVID-19 Vaccinations."[11]  Its preface explained
its purpose as:

> "This Practice Advisory provides information and guidance on MARADMIN
> 612/21, which supplements MARADMINs 462/21 and 533/21, the
> previously published Marine Corps guidance on mandatory COVID-19
> vaccination. . . .  This practice advisory supplements, and should be read in
> conjunction with, Practice Advisory 8-21 (Mandatory COVID-19
> Vaccinations)."

32.   On November 4, 2021, Plaintiff Thomas Short appealed the initial denial of
his religious exemption request to Defendant Berger.

33.   On March 14, 2022, the Assistant Commandant of the Marine Corps denied
Plaintiff Thomas Short's appeal of the initial denial of his request for religious
exemption.

34.   On March 16, 2022, Col. Charles Dudik, USMC, issued Plaintiff Thomas
Short a written order to receive a COVID-19 vaccine by close of business March 21,
2022.

35.   The wording of MARADMIN 533/21 presupposes there is no distinction
between Comirnaty and Pfizer-BioNTech -- it always refers to "the Pfizer-
BioNTech/COMIRNATY vaccine" as the vaccine being *mandated*, in distinction to the
vaccines that Marines *may voluntarily choose*, i.e., "a Food and Drug Administration
Emergency Use Authorization COVID-19 vaccine (e.g., Janssen or Moderna) or a
vaccine included in the World Health Organization Emergency Use Listing (e.g.
AstraZeneca) in lieu of the Pfizer-BioNTech/COMIRNATY vaccine."

36.   In fact, neither FDA-approved Corminaty nor SpikeVax  are available at the
YUMA Marine Air Station, or in the local civilian community.  The CDC website

---

[11]https://www.hqmc.marines.mil/Portals/135/Docs/JAM/Pratice%20Advisory/Practice%20Advis
ory%209-21,%20Supplemental%20Guidance%20Mandatory%20COVID-
19%20Vaccinations.pdf

confirms that neither Pfizer and Moderna are currently making their FDA-approved vaccines available.  Only EUA-labeled vaccines are in circulation and available for use.

## FIRST CLAIM
### (VIOLATION OF RELIGIOUS FREEDOM RESTORATION ACT)
### (42 U.S.C. §2000bb-1, et seq.)

37.    Plaintiff hereby repeats and realleges each of the allegations contained in the foregoing paragraphs of this Complaint.

38.    The Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq.* (RFRA), states that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1.  RFRA applies to Defendants, as they constitute a "branch, department, agency, instrumentality, and official of the United States." 42 U.S.C. 2000bb-2(1).

39.    The act broadly defines the "exercise of religion" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000bb-2(4) (citing 42 U.S.C. § 2000cc-5(7)(A)).

40.    The Supreme Court has held that the exercise of religion involves "not only belief and profession but the performance of (or abstention from) physical acts that are engaged in for religious reasons." *Burwell v. Hobby Lobby Stores, Inc*., 573 U.S. 682, 710 (2014). The Supreme Court has articulated repeatedly that courts may not question whether sincerely held religious beliefs are reasonable to a non-religious observer. *Id.*, 573 U.S. at 724.

41.    RFRA imposes strict scrutiny on all actions of the federal government that "substantially burden a person's exercise of religion." 42 U.S.C. § 2000bb-1(b). Department of Defense Instruction ("DODI") 1300.17 and Marine Corps Order 1730.9 explicitly recognize RFRA protections for members of the Marine Corps.

42.    Unless the government satisfies the compelling interest test by "demonstrat[ing] that [the] application of the burden to the person — (1) is in

**COMPLAINT**                                                                 Case No.

furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest," 42 U.S.C. §2000bb-1(b), the governmental act violates RFRA.

43.   Plaintiff Thomas Short has sincerely held religious beliefs that he should not receive the mandated COVID-19 vaccine because he has a sincere religious objection to it based on it having been tested for approval on cell lines derived from electively aborted babies.  He also objects to the use of the mRNA technology.

44.   Defendants' Vaccine Mandates substantially burden the Plaintiff's sincerely held religious beliefs by requiring him to take an action (receiving a COVID-19 vaccine) that would violate those religious beliefs or to suffer adverse employment action and financial harm.

45.   The adverse actions to which Plaintiff is subject may include: court-martial (criminal) prosecution, involuntary separation, relief for cause from leadership positions, removal from promotion lists, inability to attend certain military training and education schools, loss of special pay, placement in a non-deployable status, recoupment of money spent training the service member, and loss of leave and travel privileges for both official and unofficial purposes.

46.   Defendants' Vaccine Mandates fail strict scrutiny. Defendants do not have a compelling government interest in requiring Thomas Short to violate his sincerely held religious beliefs by taking a COVID-19 vaccine, and Defendants' Vaccine Mandates are not the least restrictive means of accomplishing the government's purported interest. DoD operated for over a year during the COVID-19 pandemic with a ready and healthy force that had not been fully vaccinated. More than 96% of the Marine Corps has been vaccinated, and Defendants cannot show that achieving 100% vaccination compliance is the least restrictive means of maintaining force readiness. Moreover, Defendants possess multiple lesser restrictive methods of mitigating the spread of COVID-19, including counting natural immunity as equivalent to a vaccine, masking, remote

**COMPLAINT**                                                                                          Case No.

teleworking, physical distancing, and regular testing.  Of note, Plaintiff has tested positive for COVID-19 antibodies, rendering any putative benefit of vaccination negligible.

47.  If Defendants were genuinely concerned about COVID-19 affecting its personnel, to the point of zero risk tolerance for any change of infection, they would need to implement these other mitigation protocols even if service members receive the vaccine, because vaccinated personnel can also carry, transmit, and become sick with COVID-19.

48.  Defendants have granted medical and non-religious administrative exemptions to the Vaccine Mandates to hundreds of Marines. Accordingly, Defendants' Vaccine Mandates violate Plaintiff's rights under RFRA.

49.  Because of Defendants' policies and actions, Plaintiff has suffered, and continues to suffer, economic injury and irreparable harm. Plaintiff is thus entitled to an award of monetary damages and equitable relief.

50.  Plaintiff is entitled to a declaration that Defendants threaten to violate and have violated his rights under RFRA to the free exercise of religion and to an injunction against Defendants' policy and actions. Additionally, Plaintiff is entitled to damages in an amount to be determined by the evidence and this Court and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

**SECOND CLAIM**

**(42 U.S.C. §1983 – FREE EXERCISE)**

51.  Plaintiff hereby repeats and realleges each of the allegations contained in the foregoing paragraphs of this Complaint.

52.  The First Amendment's Free Exercise Clause prohibits the government from enacting or enforcing non-neutral and non-generally applicable laws or policies unless they are narrowly tailored to a compelling government interest.

53.     Plaintiff has a sincerely held religious belief that he should not receive a COVID-19 vaccine.

54.     Defendants' Vaccine Mandates substantially burden Plaintiff's sincerely held religious beliefs by requiring him to take an action (receiving a COVID-19 vaccine) that would violate those religious beliefs or suffer adverse employment action and financial harm.

55.     The adverse actions to which Plaintiff is subject may include: court-martial (criminal) prosecution, involuntary separation, relief for cause from leadership positions, removal from promotion lists, inability to attend certain military training and education schools, loss of special pay, placement in a non-deployable status, recoupment of money spent training the service member, loss of leave and travel privileges for both official and unofficial purposes.

56.     Defendants' Vaccine Mandates are not neutral and generally applicable. The policy vests DoD and Marine Corps decisionmakers with the discretion to exempt service members from the mandates for medical reasons and to exempt service members already participating in COVID-19 vaccine trials, regardless of whether those medical trials provide those service members with any protection from infection or serious illness from COVID-19. Defendants have granted medical and non-religious administrative exemptions to the Vaccine Mandates to hundreds of Marines.

57.     Defendants' Vaccine Mandates fail strict scrutiny because Defendants do not have a compelling government interest in requiring Plaintiff to violate his sincerely held religious beliefs by taking a COVID-19 vaccine and forcing Plaintiff to take the vaccine is not the least restrictive means of accomplishing the government's purported interest. Indeed, DoD operated for over a year during the COVID-19 pandemic with a ready and healthy force that had not been fully vaccinated.

**COMPLAINT**                                                                                        Case No.

58.   Moreover, Defendants possess multiple lesser restrictive methods of mitigating the spread of COVID-19, including counting natural immunity as equivalent to the vaccine, masking, remote teleworking, physical distancing, and regular testing.

59.   Indeed, Defendants will need to implement these other mitigation protocols even if service members receive the vaccine, because vaccinated personnel can also carry, transmit, and become sick with COVID-19. Centers for Disease Control and Prevention, "Science Brief: COVID-19 Vaccines and Vaccination" (last updated September 15, 2021), https://tinyurl.com/2tpvhnns.

60.   Moreover, more than 96% of the Marine Corps is vaccinated, and Defendants cannot show that requiring 100% vaccination rate is the least restrictive means of maintaining force readiness.

61.   Accordingly, Defendants' Vaccine Mandates violate Plaintiff's rights to the free exercise of religion under the First Amendment.

62.   Because of Defendants' policy and actions, Plaintiff has suffered and continues to suffer irreparable harm. He is thus entitled to equitable relief.

63.   Plaintiff is entitled to a declaration that Defendants violated his First Amendment rights to free exercise of religion and an injunction against Defendants' policy and actions. Additionally, Plaintiff is entitled to the reasonable costs of this lawsuit, including reasonable attorneys' fees.

### THIRD CLAIM
### (VIOLATION OF 10 U.S.C. §1107a)

64.   Plaintiff realleges each of the allegations contained in the foregoing paragraphs of this Complaint.

65.   This case involves an actual controversy surrounding the legality of orders or actions the Defendants have taken with regard to vaccinating service members against COVID-19 in the absence of their statutory obligations.

**COMPLAINT**                                                                 Case No.

66.   Defendants violated a federal statute, namely 10 U.S.C. §1107a, as well as 21 U.S.C. §355 and DoDI 6200.02, when it illegally ordered Plaintiff to submit to COVID-19 vaccinations with an unlicensed "IND", or a vaccine "unapproved for its applied use" status, or in an EUA status.

67.   As a result of the defendants' unlawful actions, the Plaintiff has suffered damages, including being ordered to take an unlicensed drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the Uniform Code of Military Justice (UCMJ), or adverse administrative action that would characterize Plaintiff's voluntary service as "other than honorable."

## FOURTH CLAIM
## (VIOLATION OF ADMINISTRATIVE PROCEDURES ACT)

68.   Plaintiff realleges each of the allegations contained in the foregoing paragraphs of this Complaint.

69.   Defendants are "agencies" under the APA, 5 U.S.C. §551(1), the Vaccine Mandates complained of herein are each a "rule" under the APA, *id*. at §551(4), and Defendants' actions complained of herein are "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court," *id*. at §704.

70.   The APA prohibits agency actions that are "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. §706(2)(A). The Vaccine Mandates and Defendants' actions implementing the Vaccine Mandates are arbitrary, capricious, and an abuse of discretion for several reasons.

71.   Defendants violated their own regulations, DoDI 6200.02[12], and AR 40-562, by ignoring the Plaintiff's right to informed consent and vaccinating members of the armed forces without complying with applicable federal law and implementing regulations.

---

[12] https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/620002p.pdf

COMPLAINT                                                                    Case No.

72.    The Defendants' failure to follow federal law and regulations creates a legal wrong against the Plaintiff.

73.    As a result of the Defendants' unlawful actions, the Plaintiff has suffered or will suffer damages, including being required to take an unlicensed drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the Uniform Code of Military Justice (UCMJ), including adverse administrative action that would characterize Plaintiff's voluntary service as "other than honorable."

WHEREFORE, Plaintiff prays that this Court:

(a)    Enter a declaratory judgment that the Vaccine Mandates violate Plaintiff's rights under the Religious Freedom Restoration Act;

(b)    Enter a declaratory judgment that the Vaccine Mandates violate Plaintiff's rights under the First Amendment to the United States Constitution;

(c)    Enter a declaratory judgment that the Mandates violate Plaintiff's rights under the Administrative Procedure Act and 10 U.S.C. §1107a;

(d)    Declare that Marine Corps Order 1730.9, at least as implemented with respect to Plaintiff, contains an unlawful standard of review for religious exemptions from immunizations.

(e)    Enjoin Defendants, as well as their agents, employees, and successors in office, shall be restrained and enjoined from enforcing, attempting to enforce, or threatening to enforce the COVID-19 vaccine mandate against Plaintiff or otherwise requiring Plaintiff to receive the COVID-19 vaccine.

(f)    Enjoin Defendants, as well as their agents, employees, and successors in office, shall be restrained and enjoined from taking any adverse action against Plaintiff based on his refusal to take the COVID-19 vaccine, including imposing non-punitive disciplinary measures, denying training opportunities available to vaccinated service members, or discharging Plaintiff from the Marine Corps.

**COMPLAINT**                                                                                        Case No.

(g)  Award Plaintiff his costs and attorneys' fees;

(h)  Order such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 21, 2022                    *John J. Jakubczyk*

JOHN J. JAKUBCZYK, ESQ.
ATTORNEY FOR PLAINTIFF

**COMPLAINT**                                                        Case No.

## JURY DEMAND

Plaintiff hereby requests a jury trial in this matter.

Dated: March 21, 2022

_John J. Jakubczyk_

JOHN J. JAKUBCZYK, ESQ.
ATTORNEY FOR PLAINTIFF

**COMPLAINT**                                                                                    Case No.